United States District Court
Southern District of Texas
FILED

DEC 0 4 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

| | |
|---|---|
| FRANCISCO JAVIER DE LEON-Saavedra<br>A 42 344 153<br><br>Vs.<br><br>E.M. TROMINSKI, District Director,<br>   Immigration and Naturalization Service<br>   (Harlingen District),<br><br>JOHN ASHCROFT, Attorney General,<br>   United States of America, | *<br>*<br>*<br>*<br>*  No. B-02-227<br>*<br>*<br>*<br>*<br>*<br>* |

PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

Francisco De Leon-Saavedra, A42 344 153, files the instant Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief.

## I. JURISDICTION AND VENUE

1. Jurisdiction herein is laid under 28 U.S.C. sections 2241 (habeas corpus), 1331 (federal question), and 1346 (actions against Officers of the United States), and pursuant 28 U.S.C. section 2201,

2. Many of the acts and omissions complained of herein occurred in Harlingen, Texas, where Respondent Trominski maintains his offices. Further, Petitioner is currently detained by Respondents at the Port Isabel Service Processing Center ("PISPC") in Bayview, Texas, within the jurisdiction of this Court.

## II. THE PARTIES

3. Petitioner Francisco Javier De Leon-Saavedra is twenty eight years old, a native and citizen of Mexico, the father of three U.S. citizen daughters, and a lawful permanent resident of the United States. He is possible a United States Citizen, by virtue of his father's birth in Texas, and the number of years his father has resided in the United States. He is currently detained, without bond, at PISPC.

4. Respondent E.M. Trominski is the District Director of the Harlingen District of the Immigration and Naturalization Service. He is sued in his official capacity only.

5. Respondent John Ashcroft is Attorney General of the United States. He is also sued in his official capacity only.

## III. THE FACTS

6. Petitioner Francisco Javier de Leon was admitted to the United States as a lawful permanent resident when he was sixteen years old, on or about October 4, 1990. On or about August 31, 1997, he was charged in Hidalgo County, Texas, with Indecency with a child.

7. On March 2, 2002, he pled guilty, and was granted eight years probation. He was never in "criminal custody".

8. Pursuant to Petitioner's probation, he was required to report to his Probation Officer once every week. On April 16, 2001, he reported to the probation officer and was detained by officials of the I.N.S. outside the Probation Officer's office and held without bond.

9. An NTA was issued. It alleged that he was a citizen of Mexico and a lawful permanent resident of the United State and charged that he had been "convicted" of an aggravated felony, and removability was charged under 237(a)(2)(A)(iii)of the Immigration and Nationality Act. (Act).

10. Petitioner denied that he was not a citizen of the United States, based on his father's birth in Edinburg, Texas, and the number of years before and after the age of fourteen (14) that his father resided and worked in Texas and other states.

11. Petitioner has an N-600 (Application for Certificate of Citizenship) on file with the Immigration and Naturalization Service, Harlingen District.

12. Petitioner's Application for Certificate of Citizenship has been on file since May 23, 2002. It is unknown how much longer the I.N.S. Adjudicator will need to investigate the facts asserted therein.

13. Petitioner sought bond through the office of the District Director of the
This request was denied by Assistant District Director, Aaron Cabrera in a letter dated June 13, 2002.

14. On August 2, 2002, Petitioner requested a Bond Hearing before the Immigration Judge. The I. J. denied the hearing, but left the case open, and encouraged Petitioner to withdraw the request at that time. Therefore, no appeal has been pursued, since there has been no final denial of bond to appeal.

## IV. CAUSES OF ACTION

### 1. HABEAS CORPUS

Petitioner asserts that his detention violates the laws and Constitution of the United States.

He therefore requests that his habeas petition be granted, and that preliminary and permanent injunctions issue requiring that Respondents grant him as prompt hearing on his request for bond, and that at said hearing, his entitlement to bond be adjudicated on the basis of whether he presents a flight risk or a danger to the community.

## 2. DECLARATORY JUDGMENT

Petitioner seeks a Declaratory Judgment declaring that mandatory detention as applied to LPRs held indefinitely without bond during pendency of removal proceedings violates the Due Process Clause. Because Petitioner is an LPR, he has a fundamental right to unite with his family within the United States, and an important liberty interest in being able to seek bond while awaiting adjudication of his Application for Certificate of Citizenship ( N-600) or in the alternative, removal proceedings to determine whether he will be allowed to stay in the United States, or whether final orders of removal will be entered against him which then, would terminate his status as an LPR.

Petitioner also seeks a Declaratory Judgment declaring that in order for Respondent to lawfully detain him and other LPRs, Respondents must show significant special justification that his civil detention would be justified, in light of his status as an LPR found within the United States, or possibly, as a United States citizen.

## 3. INJUNCTIVE RELIEF

Petitioner further seeks preliminary and permanent injunctions, restraining and enjoining Respondents from holding LPRs as mandatory detainees under 8 U.S.C. SEC. 1226 ( C)(1) without affording them a bond hearing before an Immigration Judge, at which their entitlement to bond during the pendency of removal proceedings is adjudicated on the basis of whether they present a flight risk or constitute a danger to the community.

### 4. OTHER AND FURTHER RELIEF

Petitioner would note that the relief requested here has been ordered by the Third, Ninth and Tenth Circuits, in Hoang v. Comfort, 282 F.3d 1247 (10th Cir. 2002), Kim v. Ziglar, 276 F.3d 523 (9th Cir. 2002), and Patel v. Zemski, 275 F.3d 299 (3rd Cir. 2001). The Petitioner prays that this Honorable Court will follow these decisions and find that Section 1226 ( c ) is unconstitutional as applied to Petitioner.

Finally, Petitioner seeks such other and further relief, including costs and attorneys fees, as this Honorable court may find to just and appropriate under all circumstances.

Respectfully submitted,

_____
CHARLES A. BANKER, III
Texas Bar No.01676780
Fed. I.D. 8965
118 W. Pecan
McAllen, Texas, 78501
(956) 687-9133
(956) 687-2510-Fax

ATTORNEY FOR PETITIONER

## VERIFICATION

I hereby verify that I am familiar with the removal case of the named Petitioner and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

_____
CHARLES A. BANKER, III


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the following was delivered by United States certified Mail, return receipt requested on this the ___27th___ day of November, 2002 to E. M. Trominski, (Disstrict Director, INS) to John Ashcroft, U.S. Attorney General) and to the United States Attorney for the Southern District of Texas.

_____
CHARLES A. BANKER, III