IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 3 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FRANCISCO DELEON-SAAVEDRA ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. B-02-227 |
| ) | |
| E.M. TROMINSKI, ) | |
| INS DISTRICT DIRECTOR, et al. ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' UNOPPOSED MOTION TO
HOLD PROCEEDINGS IN ABEYANCE
PENDING A DECISION BY THE FIFTH
CIRCUIT COURT OF APPEALS
AND/OR A DECISION ON PETITIONER'S N-600
APPLICATION FOR CITIZENSHIP THROUGH ACQUISITION**

COME NOW, the Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and present this unopposed motion to hold these proceedings in abeyance.

This case involves the issue of the constitutionality of §236(c) of the Immigration and Nationality Act ("Act"), 8 U.S.C. §1226(c). In <u>Gonzalez-Sanchez v. Trominski, et al.</u> (formerly <u>Reyna-Montoya v. Trominski, et al.</u>), B-02-026, the District Court issued a declaratory judgment that §236(c) of the Act was

unconstitutional and certified a class of individuals who are subject to that declaratory judgment. The Government filed a Motion to Stay the District Court order pending appeal with the Fifth Circuit Court of Appeals. On September 27, 2002, the Fifth Circuit Court stayed the District Court's order in Gonzalez-Sanchez v. Trominski, et al.

The issue of the constitutionality of §236(c) of the Act is before the Fifth Circuit Court of Appeals in the Gonzalez-Sanchez matter, as well as in Molina v. Ashcroft, 02-10746. Judicial economy dictates that this matter be held in abeyance until the Fifth Circuit Court enters a ruling on the issue.

Further, the Petitioner has filed an N-600 application for citizenship through acquisition with the Immigration and Naturalization Service. That application, if granted, would confer citizenship upon the Petitioner based on a parent's United States citizenship. Consequently, if it is determined that the Petitioner is a United States citizen through acquisition, he would no longer be subject to detention or removal from the United States. The Immigration and Naturalization Service should be reviewing the application in the very near future. Therefore, judicial economy also dictates that this matter should be held in abeyance until the Immigration and Naturalization Service has had an opportunity to

adjudicate the Petitioner's N-600 application for citizenship through acquisition.

Based on the foregoing, the Respondents respectfully request this matter be held in abeyance.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

*[signature]*

LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Georgia Bar No. 590315
Federal Bar No. 23937

January 31, 2003

## CERTIFICATE OF CONSULTATION

I hereby certify that the foregoing Motion to Hold in Abeyance was discussed with Rosemary Miranda, Esquire, an associate of Charles Banker, III, Esquire, assigned to this matter. Ms. Miranda represented that neither she nor Mr. Banker is opposed to this Motion.

*[signature]*

LISA M. PUTNAM
Special Assistant United States Attorney

3

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on counsel by depositing a copy of the same in the United States mail, properly addressed, first class postage prepaid, to:

>Rosemary Miranda, Esquire
>Law Office of Charles Banker, III
>118 W. Pecan
>McAllen, TX  78501

on this the 31st day of January, 2003.

*[signature]*
LISA M. PUTNAM
Special Assistant United States Attorney